UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY NORWOOD,

    Petitioner,

                                     Case No. 11-12686

v.

                                     Honorable Patrick J. Duggan

PAUL KLEE,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

On June 21, 2011, Jerry Norwood ("Petitioner"), a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to a probation violation in Eaton County Circuit Court and was sentenced to imprisonment for a term of 72 to 180 months. Petitioner asks the Court to vacate his sentence and remand for resentencing, arguing that the sentencing judge failed to articulate any reasons for an upward departure from the sentencing guidelines. For the reasons set forth below, the Court dismisses the petition.

### I. Procedural Background

Following his sentencing, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Court of Appeals denied the application for "lack of merit in the grounds presented." *People v. Norwood*, No. 299449 (Mich. Ct. App. Oct. 22,

2010). The Michigan Supreme Court also denied Petitioner leave to appeal. *People v. Norwood*, 795 N.W.2d 24 (Mich. 2011). Petitioner filed his petition for writ of habeas corpus with this Court, arguing that the sentencing judge's failure to articulate substantial and compelling reasons for departing from the sentencing guidelines violated his due process rights.

## II. Discussion

### A. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition. Rule 4, Rules Governing § 2254 Cases. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." *Id.*

Federal statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519-20 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409, 120 S. Ct. at 1521.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, --- U.S. ----, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7, 117 S. Ct. 2059, 2067 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 360 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

**B. Application**

Petitioner argues that the trial court departed from the sentencing guidelines without substantial and compelling reasons for doing so. "The habeas statute unambiguously

provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, --- U.S. ----, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). The requirement that the sentencing court articulate a "substantial and compelling reason" for departure from the sentencing guidelines stems from Michigan law. *See* Michigan Compiled Laws § 769.34(3). Whether the judge set forth substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "[A] mere error of state law is not a denial of due process." *Swarthout v. Cooke*, --- U.S. ----, 131 S. Ct. 859, 863 (2011) (internal quotations omitted). Thus, Petitioner's claim is not cognizable on federal habeas review.

### III. Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  The Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas relief may be granted.  The Court therefore declines to issue a certificate of appealability.

### IV. Conclusion

For the reasons stated above, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Jerry Norwood, #299438
Gus Harrison Correctional Facility
2727 E. Beecher St.
Adrian, MI 49221

5